*Northern District*

No. 6805

## FRANK YOUNG, ET ALS

v.

## LAND O'LAKES CREAMERIES, INC.

Argued: Oct. 23, 1968     Decided: Jan. 14, 1969

*Present:* Brooks, P. J., Connolly, Yesley, J. J.

Case tried to Artesani, J. in the Third District Court of Eastern Middlesex

*Per Curiam: This is an action of tort* brought by seven plaintiffs to recover for injuries sustained by them as a result of eating a turkey which was alleged to be unfit for human consumption due to the negligence of the defendant, its agents, servants or employees.

The defendant seasonably filed the following requests for rulings:

1. The evidence does not warrant a finding that the defendant, its agents, servants or employees were negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiffs contributed in whole or in part to cause the alleged injuries and damages.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law the defendant breached no legal duty owed by it to the plaintiffs.

The court made the following findings and rulings:

"This is an action by various plaintiffs to recover for injuries incurred by them as a result of eating certain food which was alleged to be unfit for human consumption.

"There was evidence by one Joseph Nolette that he purchased a turkey packaged by the defendant in a market in Waltham; that he took the frozen turkey home; that he was having a party at his home two days later; that when he brought the turkey home he put it in a refrigerator; that he had the turkey cooked the night after he purchased it; that he then put it back in the refrigerator after he had let it cool; that the next day he sliced it up for sandwiches and served them at his party along with ham, potato salad, pickles, etc.; that many of his guests ate the turkey sandwiches, some of them only such (sic) and others with the other food; that he just ate turkey and became ill; that the various plaintiffs in the present case all ate the turkey and all became ill within several hours thereafter; that all the present plaintiffs had the same experience of nausea, vomiting etc., and that some of the plaintiffs received medical attention and passed on to the others what treatment they received; that all the plaintiffs were guests of Mr. Nolette.

"There was further evidence that Joseph Nolette brought a piece of the turkey, which had a peculiar odor, to the Massachusetts Department of Public Health and that an examination there was negative from a bacteriological

point of view; that there were other ways for the turkey to be bad.

"The court finds that Mr. Nolette purchased the turkey packaged by the defendant at a Waltham store; that he handled the turkey in a reasonable prudent manner from the time of purchase to the time of the serving of it; that all the plaintiffs were his guests and that they all ate some of the turkey; that all the plaintiffs were made sick as the result of eating the turkey; that the turkey was unfit for human consumption; that there was an implied warranty by the defendant that the turkey was fit for human consumption, which warranty was violated. The court finds for the plaintiffs in the following amounts:

Count One — three hundred fifty dollars ($350)

Count Two — two hundred seventy-five dollars ($275.00)

Count Three — one hundred dollars ($100.00)

Count Four — three hundred dollars ($300.00)

Count Five — three hundred dollars ($300.00)

Count Six — two hundred fifty dollars ($250.00)

Count Seven — three hundred dollars ($300.00)

"The defendant filed four requests for rulings upon which the court takes the following action:

1. Granted but immaterial in that court found implied warranty of fitness.

2. Denied.

3. Granted but immaterial in that Court found implied warranty of fitness.

4. Denied.''

We think the court was in error.

There was no privity of contract between the defendant and the plaintiffs and as a consequence no warranty, express or implied, could have been extended by the defendant to the plaintiffs. *Haley* v. *Allied Chemical Corp.*, 353 Mass. 325.

Since the trial judge, in passing on the requests for rulings filed by the defendant, acknowledged that the evidence in the case did not warrant a finding of negligence and since there was no privity of contract between the parties to permit the existence of a warranty, the request for ruling of the defendant #4 — ''As a matter of law the defendant breached no legal duty owed by it to the plaintiffs'', should have been granted and its denial was prejudicial error.

**The findings for the paintiffs are vacated and findings are to be entered for the defendant.**

JARGUILLO T. HOLIAN
   for the plaintiff
WILLIAM G. GARDINER
   for the defendant